UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COINBASE, INC.,

                 Petitioner,

-against-

DAVID SHERRER,

                 Respondent.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/25/2024
```

24 Civ. 7427 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Petitioner, Coinbase, Inc. ("Coinbase"), brings this petition under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, to confirm an arbitration award (the "Award") against Respondent, David Sherrer. *See generally* Pet., ECF No. 1; *see also* Award, ECF No. 1-1. Respondent has not appeared in this action.[1] For the reasons stated below, the petition is GRANTED.

## BACKGROUND

    On July 28, 2023, Sherrer filed a demand for arbitration with the American Arbitration Association ("AAA") against Coinbase. Pet. ¶ 7. Sherrer later amended his demand to seek damages for losses related to the alleged theft of cryptocurrency from his Coinbase account. *Id.*

    The User Agreement entered into by Sherrer and Coinbase on November 14, 2018, included an agreement to arbitrate any disputes before the AAA. *Id.* ¶ 8; ECF No. 1-2 at 12 ¶ 7.3; *id.* at 33–35 ¶¶ 1.1, 1.4, 1.6; ECF No. 13 ¶ 6. On September 6, 2024, the arbitrator appointed to decide the parties' dispute issued a final award dismissing Sherrer's claims brought against Coinbase under the Electronic Funds Transfer Act ("EFTA") with prejudice. Award at 2. The arbitrator retained jurisdiction over Sherrer's remaining non-EFTA claims. *Id.* at 2, 4. On October 1, 2024, Coinbase filed the instant petition to confirm the arbitrator's final award of dismissal. *See* Pet.

## DISCUSSION

### I.    Legal Standard

    Arbitration awards are not self-enforcing; they must "be given force and effect by being converted to judicial orders." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006). Under the FAA, any party to an arbitration proceeding can apply for a judicial decree confirming the award. 9 U.S.C. § 9. A court must confirm the award unless it "was procured by corruption,

---

[1] By letter dated November 20, 2024, Petitioner stated that "Respondent's counsel notified Coinbase that it would not file an opposition to the Petition." ECF No. 18 at 1.

fraud, or undue means;" there existed "evident partiality or corruption in the arbitrator[];" the arbitrator exhibited "misconduct" that "prejudiced" a party; the arbitrator "exceeded [his] powers;" or there was "an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award." *Id.* §§ 10–11.

"It is well established that courts must grant an [arbitrator's] decision great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). Confirmation of an arbitration award is, therefore, generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair*, 462 F.3d at 110 (citation omitted). "[T]he showing required to avoid confirmation is very high." *Id.* Indeed, "[t]he arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case. Only a barely colorable justification for the outcome reached by the arbitrator[] is necessary to confirm the award." *Id.* (quotation marks and citations omitted).

"[A] district court should treat an unanswered . . . petition to [confirm an arbitration award] as an unopposed motion for summary judgment." *Id.* Summary judgment is appropriate when the record shows that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A court must consider all evidence in the light most favorable to the nonmoving party, *Overton v. N.Y. State Div. of Mil. & Naval Affs.*, 373 F.3d 83, 89 (2d Cir. 2004), and must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). Although Sherrer has not appeared in this action, the Court must still "examin[e] the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair*, 462 F.3d at 110 (citation omitted).

II. <u>Analysis</u>

Coinbase argues that it is entitled to confirmation of the Award. ECF Nos. 1, 12, 18. The Court agrees.

Coinbase has carried its burden to demonstrate that there is no genuine dispute of material fact regarding the validity of the arbitration award. The Award provides far more than a "barely colorable justification for the outcome reached," *D.H. Blair*, 462 F.3d at 110 (citation omitted), and none of the reasons for vacating or modifying the award under 9 U.S.C. § 10 or § 11 apply. It is also clear that the parties' agreement compelled them to arbitrate disputes arising out of their relationship. ECF No. 1-2 at 12 ¶ 7.3; ECF No. 1-2 at 33–35 ¶¶ 1.1, 1.4, 1.6. Accordingly, the Court confirms the Award.

## CONCLUSION

For the foregoing reasons, Coinbase's petition to confirm the Award dismissing with prejudice Sherrer's claims under the EFTA is GRANTED. The Clerk of Court is respectfully directed to enter judgment in favor of Petitioner and to close the case.

SO ORDERED.

Dated: November 25, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge